IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EXCALIBUR HOME MGMT LLC, : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 1:13-CV-934-TWT-WEJ |
| v. : | |
| : | |
| ANN C. MCPHIE, : | |
| Defendant. : | |

## ORDER AND
## FINAL REPORT AND RECOMMENDATION

Defendant, Ann C. Mcphie, is facing dispossessory proceedings in the Magistrate Court of DeKalb County, Georgia. (See Notice of Removal [1-1] & Attach.) Defendant has submitted a financial affidavit [1] showing that she is unable to pay the removal filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, the Court **GRANTS** the request to proceed in forma pauperis [1]. However, the Court is compelled to remand any action that was improperly removed; therefore, the Court examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v.

Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996) (holding that removing party has the burden of demonstrating the propriety of removal). In that regard, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  Moreover, federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking.  28 U.S.C. § 1449(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441.  However, § 1441(b) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought."  Id. § 1441(b)(2).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

2

Here, defendant attached a Dispossessory Warrant to the Petition for Removal and contends that plaintiff violated the Fair Debt Collection Practices Act, 28 U.S.C. § 1446, by initiating removal proceedings. (See Notice of Removal & Attach.) The Dispossessory Warrant does not indicate a federal question, and it appears that defendant is attempting to invoke federal question jurisdiction on the basis of a federal defense or counterclaims based on federal laws. However, such defenses and counterclaims do not confer federal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); Arkansas v. Kan. & Tex. Coal Co., 183 U.S. 185, 188 (1901) ("[J]urisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States . . . ."). Additionally, this case may not proceed on the basis of diversity jurisdiction because defendant appears to be a citizen of Georgia; regardless, she has not alleged that the parties are diverse. Therefore, defendant has failed to demonstrate any lawful basis for removal of the state court action.

Accordingly, for the reasons stated above, the undersigned **GRANTS** the request to proceed in forma pauperis [1], but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of DeKalb County. The Clerk is **DIRECTED** terminate the referral to the undersigned Magistrate Judge.

AO 72A
(Rev.8/82)

**SO ORDERED AND RECOMMENDED**, this 26th day of March, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE